# ERNEST L. TAYLOR v. STATE.

No. A-10287.    Sept. 27, 1944.

(152 P. 2d 123.)

H. H. Cook, of Atoka, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and W. H. Parker, Co. Atty., of Atoka, for defendant in error.

BAREFOOT, J.   Defendant, Ernest L. Taylor, was charged in the district court of Atoka county with the crime of larceny of livestock, towit: "one mottle faced red steer, three years old, marked crop underneath each ear and branded $\overline{X}$ on left shoulder," the property of Curtis Noel.   He was tried, convicted, sentenced to serve a term of three years in the penitentiary, and has appealed.

Defendant relies for reversal of this case upon two propositions:

"(1) That although defendant's bond was returnable on the first Monday in January, 1942, defendant was forced to trial by the court in December, 1941.

"(2) That the evidence is wholly insufficient to support the verdict and judgment herein."

With reference to the first proposition, the record discloses that this prosecution was instituted in the district court of Atoka county on November 13, 1941, by the county attorney filing an information against the defendant.   The record does not disclose any of the proceedings or papers filed in the preliminary examination, except the bond, which is attached to a motion for continuance.

When the case was called for trial in the district court on December 5, 1941, a motion for continuance was filed by defendant, by reason of the absence of a witness, Si Wilson.   Attached to the motion is a copy of the bond approved by the county judge of Atoka county on Novem-

ber 12, 1941, and filed in the office of the court clerk of Atoka county on the same date. In the affidavit of the defendant, atttached to the motion, it is stated that the bond of defendant as "fixed and approved by the county judge of Atoka county, Oklahoma, requires the appearance of this defendant in this court on January 5, 1942." That by reason of this provision, this defendant could not be tried in the district court prior to that date.

The record further discloses the following order made and entered on the 25th day of November, 1941:

"Now on this 25th day of November, 1941, the defendant being personally present in open court for the purpose of arraignment, waives arraignment and enters a plea of not guilty."

From the above record it is contended that the defendant could not be tried prior to January 5, 1942, the date set for his appearance in the appearance bond fixed by the county judge, acting as an examining magistrate.

We do not find that this exact question has ever been presented to this court.

An examination of the statutes reveals that 22 O. S. 1941 § 264 provides:

"If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect:

"It appearing to me that the offense named in the within complaint mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same."

And § 266 of such Title is as follows:

"If the offense is bailable, and bail is taken by the magistrate, the following words, or words to the same effect, must be added to the indorsement mentioned in the second preceding section: And I have admitted him to bail, to answer, by the undertaking hereto annexed."

It is also provided by 20 O. S. 1941 §§ 95 and 96, as follows:

"§ 95. Two regular terms of the district court shall be held each year in each county of this state. The time of commencing or convening these two regular terms in each county shall be on the first Monday in January and the first Monday in July in each year. Each regular term shall commence and convene by operation of law at the time herein fixed without any act, order, or formal opening by the judge or other official thereof, and shall continue and be open at all times until and including the day preceding the next regular term, on which day it shall expire and adjourn sine die by operation of law."

"§ 96. Jury sessions of the district court may be held at any time during a regular term upon order of the judge thereof as now provided by law; and, a motion, equity or non-jury session of the district court shall be held in each county at least once every 60 days, the date or dates thereof to be fixed by the judge in his discretion."

According to one of the general rules of construction of statutes, these statutes should be so construed as to give validity to all, if it can be done. It is unnecessary to give a detailed history of the statutes of this state with reference to the time of holding terms of court. The sections of the statute above quoted (Tit. 20, §§ 95 and 96) are the statutes in force at this time. They were adopted by the Legislature in 1935, and have never been construed by this court. They provide for the holding of two terms of court each year, the first to begin on the first Monday in Jan-

nary and for a period of six months, and the second on the first Monday in July, for a period of six months. Section 96 provides: "Jury sessions of the district court may be held at any time during a regular term upon order of the judge thereof as now provided by law." Under this provision, there can be no doubt of the legality of the term of court held in Atoka county in December, 1941. It was a regular term of court.

Under 22 O. S. 1941 § 264, as above quoted, the procedure to be followed by the examining magistrate when he finds an offense has been committed is set out in full. It will be noted that the statute nowhere provides for the examining magistrate to set the date of the appearance of an accused in the district court. When the magistrate has completed the examining trial, and has forwarded the papers filed in his court, with his transcript to the district court, as provided by 22 O. S. 1941 § 276, his duties have ended, and upon the filing of an information by the county attorney in the district court the defendant then becomes amenable to the jurisdiction of the district court; and that court having the power under the statute to set a jury term of the court, the defendant may be placed on trial even though it be before the time set by the examining magistrate for his appearance.

Of course, the defendant would have the right to file a motion for a continuance on the ground that he did not have time to prepare for trial; or by reason of the absence of a material witness, as was done in the instant case. Such motion would be acted upon by the court in the manner provided by law. But the mere fact that the examining magistrate had placed an exact date in the bond for the appearance of the defendant would not, as a matter of law, prohibit the trying of the defendant at a regular

term of the court fixed in the manner provided by law, at an earlier date.

With reference to the motion for continuance because of the absence of the witness Si Wilson, it may be stated that there was nothing to show diligence on the part of the defendant to secure the attendance of this witness. The motion was not filed until the 5th day of December 1941. This case was set for trial for December 3, 1941, and the trial started on December 5th. No subpoena had been issued for this witness. The defendant was not confined in jail, but had been at large on bail since November 12, 1941. The evidence of the witness was upon a point immaterial to the guilt of the defendant, and the trial court permitted the statement of the witness as contained in affidavit of defendant to be read to the jury, as his testimony, if he had been present. It was cumulative to other testimony offered by the defendant. Under the circumstances, we are of the opinion that the defendant was in no way prejudiced by the absence of this witness, and that the court did not err in overruling the motion.

It may be said that the question of whether the bond of defendant could have been forfeited for the nonappearance of the defendant at the December, 1941, term of court, and his sureties held liable by reason of his failure to appear, is not passed upon because it is unnecessary to do so. The record in this case reveals that defendant was brought before the court on November 25, 1941, after the information was filed in the district court; that he waived arraignment at that time, and entered his plea of not guilty. His case was set for trial for December 3, 1941. The authorities cited by defendant in support of his proposition all have reference to cases in which the question was raised where an attempt was being made to hold the sureties upon the forfeiture of a bail bond.

In the case of Louisiana v. Briggs, 34 La. Ann. 69, the court had under consideration a case where the facts are almost identical with those in the case at bar. It was there said:

"The offense charged against the defendant is 'punishable with imprisonment in any parish prison or in the penitentiary at the discretion of the court for not more than two years,' and as it is not an offense the penalty of which is necessarily imprisonment at hard labor, it is clearly covered by, and can legally be tried and disposed of under the provisions of Act No. 35 of 1880; and this case cannot be excepted from the operation of the law, because the accused was under a bond to appear at the regular jury term in December, 1881.

"The argument of the defendant's counsel that the execution of such a bond operated as a contract between the accused and the state, under which the state was debarred of the right of calling him to trial at an earlier date, is not serious, and cannot be entertained for a single moment. The bond must be construed as having been furnished and accepted, with reference to the provisions of the Constitution and laws of the state touching the trials of such cases; and under which it must have been known to the accused, that his trial might, in the discretion of the district judge, be ordered to take place at another but a regular jury term, and that in his own interest, to secure him a speedy trial, the judge had the power to fix an earlier day for his trial.

"In the case of the State v. White, recently decided at Shreveport (33 La. Ann. 1218) we had occasion to examine into, and to fully consider the provisions of the article of the Constitution, and of the law, now under consideration; and to explain the object proposed by the legislation, as well as the means pointed out for its execution. Both on principle and on the authority of that case, we must uphold the district judge in trying the accused under the provisions of Act 35 of 1880."

As to defendant's contention that the evidence was insufficient to sustain the judgment and sentence, the record reveals that defendant resided near the town of Bruno, four and a half miles east of Atoka. That sometime early in October, 1941, a mottled-faced red steer, three years old, branded X̲ on the left shoulder came to his place, being some time in the road and part of the time in his pasture. Defendant loaded this steer into his truck in the early morning of October 4, 1941, and took it to Hugo, in Choctaw county, to the sales ground, where he offered it for sale. He was frustrated in this attempt by the officers, and was charged with the theft of the steer. At the time of his arrest he claimed that he had bought the steer from one Joe Edings. The officer who arrested defendant had him place the steer in his truck for the purpose of taking it back to Atoka, in Atoka county. The steer was the property of Curtis Noel, who owned the D O K Ranch in Atoka county, and the steer had strayed from that ranch. On the return trip to Atoka the officer permitted defendant to go by his home, and the officer testified to the following conversation between the defendant and his wife and son: "You know that steer was like you said, it might be stolen. You seen me pay for the steer." To which his wife replied: "No, I didn't see the man." That the defendant then called to his son and said: "You know when I paid for the steer?" And the boy answered: "No, I didn't see you."

Defendant's wife and son testified at the trial, and denied having this conversation.

When the defendant was returned to Atoka, the sheriff of the county had Joe Edings brought to the county jail and confronted by the defendant, and defendant said: "You know I bought that steer from you, and I bought a

cow from you in 1937 and 1938." And Edings answered: "You are a damn liar, you never bought anything from me."

The witness Joe Edings testified at the trial, and his testimony was that he did not sell the steer to defendant, and did not sell him a cow in 1937 or 1938; and that he had had no transactions of any kind with the defendant with reference to the sale of livestock.

Defendant testified that he saw the witness Joe Edings in Atoka on the 25th day of October, 1941, and told him about the steer being at his place, and that Edings told him it was his steer. That he offered to buy it, and that Joe Edings came to his home that night, and he bought the steer from him, and paid him $55 therefor. He was corroborated in this testimony by his wife and son, although they did not see Edings, but heard the conversation, and defendant came in the house and got the money out of a purse to pay for the steer.

Jack Province testified that he loaned the defendant $20 to buy the steer.

There was also testimony of a number of witnesses by the state that the witness Joe Edings was at home sick on the 25th day of October, 1941, and did not go to Atoka that day, this being the day defendant testified he had agreed to buy the steer from him. Several witnesses testified for the defendant that they saw Joe Edings in Atoka on October 25, 1941, and one of the witnesses testified to seeing the defendant talking with him.

Curtis Noel testified to the ownership of the steer, the familiarity of his brand in the neighborhood, and of never having given his consent to the taking of the same.

From the above statement, it will at once be seen that there was a direct conflict in the testimony. The evidence

of the state was sufficient if believed by the jury, to sustain the conviction. Under the many decisions of this court we have adhered to the rule that a case will not be reversed for insufficiency of the evidence where there is a direct conflict, and the evidence of the state is sufficient to sustain the judgment and sentence. It is only when the evidence is insufficient to sustain the judgment and sentence that the case will be reversed.

There was evidence that the witness Joe Edings had been convicted and served a term in the penitentiary for the larceny of cotton; and that the defendant had been convicted and served a sentence in the Federal Penitentiary at Leavenworth for a violation of the prohibition laws. This evidence was admitted only for the purpose of affecting the credibility of the witnesses, and the jury was so instructed.

The jury in returning its verdict made a recommendation that the sentence of defendant be suspended. The trial court, as it had a right to do, did not follow this recommendation, but sentenced the defendant to serve a term of three years in the State Penitentiary.

Finding no error in the record, we are of the opinion that the judgment and sentence of the district court of Atoka county should be affirmed. It is so ordered.

JONES, P. J., concurs. DOYLE, J., not participating.