James N. WILSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14143.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1968.

Whit Pate, Poteau, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

James N. Wilson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of LeFlore County, for the crime of Burglary in the Second Degree, and appeals.

The principal assignment of error presented on appeal is that the trial court erred in failing to follow the jury's recommendation in the verdict which appears at page 56 of the case made in the following language:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find the defendant guilty of the crime of Burglary in the second degree and fix his punishment herefor by imprisonment in the state penitentiary for a term of 3 years. Recommended suspended sentence."

This Court has repeatedly held that the trial judge is not bound by the jury's recommendation in such cases; however, we wish to reiterate and emphasize the rule set forth in Presnell v. State, 71 Okl.Cr. 162, 109 P.2d 834, cited with approval in Hughes v. State, Okl.Cr.App., 346 P.2d 355, the rule wherein this Court said:

"Unless such investigation shows conduct on the part of the defendant, which indicates that he is not eligible under the statute to receive a suspended sentence for this crime by him committed, this court is of the opinion that great weight should be attached to the recommendation of the jury."

In the instant case it appears that at the request of the defendant, a continuance was granted him in order that he might secure witnesses in support of his application for a suspended sentence. The court on the 17th day of June, 1966, granted a continuance until the 24th day of June, 1966, at which time, after hearing witnesses on behalf of defendant and the State, the court declined to suspend the sentence in its entirety, but did enter the following order:

"IT IS THE FURTHER ORDER, JUDGMENT AND DECREE of this

·Court that after said defendant, James N. Wilson, has served one year of said sentence that the last two years of said sentence be suspended during good behavior."

Since the testimony offered on behalf of the defendant and of the State were not incorporated in the record, we are unable to say that the trial court abused its discretion in not following the jury's recommendation in its entirety.

As further assignments of error the defendant now complains of the cross-examination of the defendant by the County Attorney and the closing argument of the County Attorney. Neither of these alleged errors are properly before the Court since no objection was interposed to the alleged improper examination of the defendant by the County Attorney, nor was the closing argument of the County Attorney transcribed and preserved in the case made. For these reasons they cannot be considered on appeal. See Love v. State, Okl.Cr.App., 319 P.2d 317 and Melchor v. State, Okl.Cr.App., 404 P.2d 63.

Defendant also contends that the evidence is insufficient to support the verdict of the jury. In this connection we observe that the evidence offered on behalf of the State and the defendant was in sharp conflict and under the circumstances we feel the rule laid down in Music v. State, Okl. Cr.App., 396 P.2d 894, is applicable here:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, J., concurs.