Budgeman ROARK, Plaintiff-in-Error,

v.

The STATE of Oklahoma, Defend-
ant-in-Error.

No. A–15229.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1970.

Rehearing Denied March 11, 1970.

Carrol Womack, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., John C. Howard, Legal Intern, for defendant in error.

BUSSEY, Judge:

Budgeman Roark, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Carrying a Concealed Weapon After Former Conviction of a Felony. He waived jury trial, was found guilty by the court, and was sentenced to serve a term of one year in the state penitentiary, said sentence being suspended during good behavior, and he appeals.

Briefly stated, the facts germane to the only issue that merits consideration in this opinion are that Officers Hyde and Morphew stated that they had received a call to investigate a fight at 1616 N.E. 33rd Street in Oklahoma City; that as they approached the door they were invited to enter by Mrs. Orange, who resided at this residence with the defendant. Mrs. Orange related that she had been threatened by the defendant; he was placed under arrest, at which point the officers observed a pistol protruding from his hip pocket, which forms the foundation for the offense charged.

Defendant contends that the carrying of a weapon in his home is not a criminal offense under the provisions of 21 O.S. § 1283, the same providing:

"It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun."

We believe that this Court, speaking through the Honorable John Brett, has emphatically rejected this theory in Renfro v. State, Okl.Cr., 372 P.2d 45. In *Renfro,* supra, in discussing 21 O.S. § 1283, this Court stated in the body of the opinion:

"We not only do not believe provisions of 21 O.S.1961 § 1283 are unconstitutional, but to the contrary are of the opinion that it is a protective measure, beneficial to society. It is designed to prevent people of demonstrated irresponsibility from possessing instruments of death, or as device of aggressive law violation.

As was said in State v. Robinson, supra [217 Or. 612, 343 P.2d 886]:

'We can not say that a classification based upon that proposition is capricious or that it is irrelevant to the legislative purpose. Many other states have enacted similar legislation and it has been recognized as valid. The defendant seeks to make a distinction between ex-convicts who committed crimes of violence and those crimes were such as embezzlement and income tax evasion. A person who embezzles money, fails to report his income or commits any other non-violent felony is evidently deficient in the deference to law which must be expected of all who live in a democracy. Such a person displays a lack of proper regard for the duties of citizenship and the normal restraints to which virtually all others yield instinctively. By his own felonious conduct he classifies himself and places himself in a category different from that composed of the law abiding. When the legislature concludes that a person of that kind can not be trusted with a concealable weapon we surely can not say that its decision lacks reason.' "

In accordance with Renfro v. State, supra, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.