**Burns TRUSTY, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16938.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Curtis A. Parks, Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Nathan Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Burns Trusty, Jr., hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF–71–18, of carrying a firearm after a felony conviction, in violation of 21 O.S. § 1283, and sentenced to ten (10) years imprisonment. Judgment and sentence was imposed on April 15, 1971 and this appeal perfected therefrom.

Defendant contends that his automobile was subjected to an unlawful warrantless search and thus the firearms found in the automobile were inadmissible as evidence against him.

It was charged by information that on January 3, 1971 the defendant was carrying two firearms, a .38-caliber Colt automatic and a 12-gauge shotgun, in the automobile which he was operating. The second page in the information alleged that the defendant had two prior felony convictions in Tulsa County for possession of a stolen vehicle and second degree burglary.

The evidence established that on January 3, 1971 at approximately 1:50 a. m. Tulsa policeman Chisum observed a red 1970 Ford run a stop sign at the corner of Mingo and 31st Street in Tulsa, Oklahoma. Officer Chisum gave pursuit to the Ford and observed it swerve to the side of the road, almost striking a bridge, run a second stop sign at Mingo and 27th Street, and turn in a wrong lane. Officer Chisum, using his patrol car's emergency equipment, then brought the Ford to a stop. The defendant got out of the Ford on the driver's side and approached the patrol car. Defendant got into the patrol car with Officer Chisum. Officer Chisum believed the defendant "was too intoxicated to drive" and arrested him for drunk driving.

Officer Chisum had already radioed for assistance from another policeman but, while talking with the defendant, Chisum radioed for a backup unit to hurry to the scene. Seeing some motion in the Ford, Chisum decided that there was someone else in the Ford. Upon the arrival of a backup unit, Officer Boston approached the Ford and saw a man lying in the back seat of the automobile. Officer Boston told the man to get out of the car. After repeating this instruction, the man began to sit up. A shirt, which had been covering the man's hands, began to slip and Officer Boston could see the barrel of an automatic pistol in the hand of the man. Officer Boston drew his own pistol and told the man to drop his pistol. The man dropped the pistol on the car floorboard and then got out of the car. Officer Boston then searched the Ford and found a sawed-off shotgun lying on the floorboard on the right-hand side of the front seat and a .38-caliber automatic pistol under the driver's seat. Another officer, continuing the search at the scene, found a P–38 automatic pistol on the floorboard behind the driver's seat.

Defendant contends that the trial court erred in overruling his motion to suppress

the firearms contending that the search of the car was unreasonable. Defendant argues that a lawful arrest for a traffic violation does not justify a full search of the vehicle and that there must be probable cause to search the vehicle for contraband independent of the traffic violation. Under the defendant's theory, a search of the vehicle began when Officer Boston told the passenger to get out of the back seat of the Ford. The Attorney General apparently accepts defendant's premise that the search began with asking the occupant to get out of the back seat. The State argues that a full search of the vehicle is justified after a lawful arrest for a traffic violation. We are unable to accept defendant's premise nor the State's conclusion.

■■■■ The defendant is partly correct that ordinarily a minor traffic violation will not support a full search of the offender and his vehicle. A search incident to arrest is unreasonable if there is a lack of relation between the search and the offense for which the arrest was made. Since there is no tangible evidence of most traffic violations, such as speeding or running a stop sign, there is no justification to search the vehicle for evidence of that offense. For a full discussion of the limits of a search incident to arrest for minor traffic violations see Fields v. State, Okl. Cr., 463 P.2d 1000 (1970); Lawson v. State, Okl.Cr., 484 P.2d 1337 (1971); and Thompson v. State, Okl.Cr., 487 P.2d 737 (1971).

■ However, merely asking the passenger to get out of a car whose driver is arrested for drunk driving does not constitute a search. It was reasonable and proper for the officer to determine if the remaining occupant of the car was capable of driving, or if he too was drunk.

■ There was no search of the vehicle until after the officer saw a firearm in the hands of the car's passenger. A search is intrusive in nature and relates to uncovering that which is not open to clear view. The officer had not intruded into the car's interior when he asked the passenger to get out. There was no search at that point. But when the officer saw a firearm in the passenger's hand, the officer then had probable cause to search the car's interior for weapons. What better reason for an officer to search a car for weapons than seeing a weapon pointed at the officer by the car's occupant. We therefore conclude that there was no search until after the officer saw a firearm inside the vehicle which justified an intrusive search of the vehicle for weapons. Accordingly, the defendant's motion to suppress the evidence of the car search was properly denied, and the weapons properly admitted into evidence.

The only other contention raised on appeal asserts that the trial court erred in admitting irrelevant evidence of other crimes for which defendant was not on trial. The trial court allowed, over defense objection, Officer Boston to testify that he saw a man lying in the back seat, facing the front seat, with his head behind the driver's seat and his feet on the right side of the back seat, and that he had a shirt over his hands. Defendant argues that this description suggests that the passenger was acting in concert with the defendant in illegally possessing a firearm or that they were acting in concert in assaulting a police officer. We cannot accept the defendant's contention.

■ This testimony by Officer Boston was both relevant and material to the issues at defendant's trial. The officer was relating the circumstances under which he saw a firearm and then searched the car's interior for weapons. Further, we are of the opinion that the evidence did not clearly indicate other crimes for which the defendant was not on trial.

Finding the defendant's assignments of error to be without merit and the evidence sufficient to support the verdict, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BUSSEY, P. J., and SIMMS, J., concur.