**Jackie Eugene ROBERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16983.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Curtis A. Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Jackie Eugene Roberson, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–19, of carrying a firearm after a felony conviction in violation of 21 O.S.1971, § 1283, and sentenced to ten years imprisonment. Judgment and sentence was imposed on April 15, 1971, and this appeal perfected therefrom.

On appeal defendant contends that evidence admitted in his trial was obtained by an unlawful search; that the trial court allowed irrelevant and prejudicial evidence to be admitted; that the trial court should have granted a mistrial due to improper argument by the prosecuting attorney; and that 21 O.S.1971, § 1283, which prohibits a felon from carrying a firearm, is unconstitutional.

It was charged by information that on January 3, 1971, the defendant, while a passenger in an automobile, was carrying three firearms, a .380 caliber automatic, a 12 gauge shotgun, and a P–38 automatic. The second page of the information charged that the defendant had previously been convicted of burglary in the second degree on December 21, 1954, burglary in the second degree on June 10, 1957, assault and battery with a dangerous weapon on June 17, 1966, and carrying a firearm after a felony conviction on June 17, 1966.

The evidence established that on January 3, 1971, at approximately 1:50 A.M., a Tulsa police officer observed a red, 1970 Ford run a stop-sign and commit numerous other traffic violations. The officer pursued the Ford and radioed for assistance by other police officers. The Ford was occupied by two persons, Burns Trusty, Jr., the driver, and defendant, as a passenger. While one officer talked with Trusty, another officer went to the Ford and told the defendant to get out of the backseat. According to the officer, a shirt which had been covering defendant's hands slipped and the officer could see that there was an automatic pistol in the hand of the defendant. The officer drew his own pistol and told the man to drop his pistol and get out of the car. Defendant dropped the pistol and shirt in the car floorboard and then got out of the vehicle. The officers then searched the Ford and found the 12 gauge shotgun and the .380 caliber automatic pistol, and a P–38 automatic pistol.

■ We have previously considered the lawfulness of the search of this vehicle when we considered and affirmed the conviction of defendant's companion for carrying a firearm after a felony conviction. Trusty v. State, Okl.Cr., 500 P.2d 1342 (1972). We found on that occasion, as we do in this case, that the search of the vehicle was justified when the officer saw a firearm in the hand of the occupant of the vehicle. Accordingly, we hold that defendant's motion to suppress the evidence of the car search was properly denied.

■ The information was amended to charge that the defendant, while a passenger in an automobile, was carrying a P–38 automatic firearm. Accordingly, defendant argued that allowing the officer to testify that he found a shotgun and .380 caliber pistol, as well as the P–38 automatic, constituted the admission of incompetent, irrelevant, and immaterial evidence. Since the defendant was not charged with carrying the other two weapons, he argues that their admission was prejudicial. The trial court ruled that the other two weapons were admissible evidence as being part of the res gestae. We agree. Particularly, since the other two weapons were found at the same time as the firearm which formed the basis of the charge. The finding of the other two weapons was contemporaneous with the principal issue and served to illustrate the offense charged. See Wolf v. State, Okl.Cr., 375 P.2d 283.

■ It is the defendant's third contention that the trial court should have granted a mistrial when the prosecuting attorney, during his closing argument, mentioned that "an officer got gunned down." Defense counsel objected and the trial court admonished the jury not to consider this comment. We agree with the trial court that the comment was improper, as it was a matter outside the evidence in the case. Such a comment might well constitute grounds for a mistrial in a close case. However, in the instant case where the evidence of the defendant's guilt is conclusive, and there is no evidence to refute guilt, such a comment, improper though it

may be, does not constitute grounds for reversal.

It is defendant's final contention that 21 O.S. § 1283, which prohibits a felon from carrying a firearm, is unconstitutional as a denial of equal protection. This Court has previously held that this statute is not unconstitutional as a violation of equal protection. We have held that this statute in forbidding felons to carry firearms is a proper and reasonable classification. Renfro v. State, Okl.Cr., 372 P.2d 45 (1962). Roark v. State, Okl. Cr., 465 P.2d 480 (1970). Defendant alleges no compelling reason, nor do we find one, which would require re-examination of our previous holding that 21 O.S. § 1283 is constitutional.

Therefore, finding defendant's contentions to be without merit, we conclude that the judgment and sentence should and the same is hereby affirmed.