Martin B. Stecher, J.
Defendant moves to dismiss the indictment on constitutional grounds, claiming that subdivision (1) of section 265.02 of the Penal Law violates the equal protection clause of the United States Constitution.
Subdivision (1) of section 265.02 elevates the crime of possession of certain weapons from a misdemeanor to a felony if the defendant has been previously convicted of any crime. No New York case directly in point has been cited or found, but similar classifications of crime have been upheld in other jurisdictions. In State of Oregon v Robinson (217 Ore 612), the defendant was convicted under a statute making it unlawful for only an alien or a convicted felon to own a concealable firearm. The Supreme Court of Oregon in rejecting an attack on the statute as violating the equal protection clause of the Fourteenth Amendment of the United States Constitution stated (pp 616-617): "The legislature, in writing that act, was attempting to prevent crimes of the kind in which concealed weapons play a part. It was not concerned with the type of individual who owns a gun but whose past conduct has revealed no indication that he will misuse it. It had in mind * * * those whose past conviction of a felony showed an *993 unsocial attitude * * * Obviously, it is difficult to spot the law breacher before he takes an unlawful course, and yet the legislature has the right to make efforts in that direction. The legislature evidently believed that ex-convicts who possess firearms * * * are more likely to commit evil than if they are forced to remain unarmed. We cannot say that, a classification based upon that proposition is capricious or that it is irrelevant to the legislative purpose * * * By his own felonious conduct he [defendant] classifies himself and places himself in a category different from that composed of the law abiding. When the legislature concludes that a person of that kind cannot be trusted with a concealable weapon we surely cannot say that its decision lacks reason”.
To the same effect was Roark v State of Oklahoma (465 P2d 480 [Okla]), in which the Oklahoma Court of Criminal Appeals upheld a statute similar in effect to the Oregon statute and cited with approval a prior Oklahoma case Renfro v State of Oklahoma (372 P2d 45, 50 [Okla]): "We * * * are of the opinion that it [the statute] is a protective measure, beneficial to society. It is designed to prevent people of demonstrated irresponsibility from possessing instruments of death, or as device of aggressive law violation.”
In State of Arizona v Rascon (110 Ariz 338, 339), the Arizona Supreme Court, in upholding the constitutionality of a statute making it unlawful for a person convicted of a crime of violence to possess a pistol, said: "it is reasonable for society to classify persons such as appellant, who are convicted felons, so that they are treated differently from others. Laws prohibiting the possession of fire-arms by those convicted of violence do not deny equal protection”. (To same effect see People v Trujillo, 178 Col 147; Matter of Don R. B., 66 Misc 2d 279; People v De Perez, 70 Misc 2d 982, affd 32 NY2d 880.)
There is no denial of the equal protection of the laws, when a State legislates different classifications of crimes "so long as the result does not amount to a denial of due process or an 'invidious discrimination’ ” (Douglas v California, 372 US 353, 356; Williamson v Lee Opt. Co., 348 US 483). There is no constitutional bar against treating convicted criminals differently from those without a criminal record. "[W]e must be mindful not of abstract equivalents of conduct, but of conduct in the context of actuality. Differences that permit substantive differentiations also permit differentiations of remedy” (Tigner v Texas, 310 US 141, 149).
*994 It is apparent that this statute differs materially from those which deny to felons (but not to others) the right to possess a weapon and which enforce that denial by penal sanction. But the principal is not different: where the objective of the Legislature is to dissuade those who have committed crimes from possessing the means of committing further crimes of violence and the means of dissuasion is by reasonably classifying the crime by the criminal, such classification will be sustained by the court.
The motion is in all respects denied.