**Michael Gene WHITE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–78–547.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1980.

George S. Turner, Pryor, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Kay Jacobs, Legal Intern., for appellee.

## OPINION

BRETT, Judge:

The appellant, Michael Gene White, was convicted of the crime of Injury to a Minor Child, in the District Court, Craig County, Case No. CRF–76–437. Pursuant to the jury's verdict, he was sentenced to ten (10) years' imprisonment.

The errors urged upon appeal include the refusal by the trial court to do the following: To grant a motion for continuance, to allow the appellant to withdraw his plea of not guilty, to suppress certain evidence, and to give the appellant's requested instructions on circumstantial evidence.

On November 21, 1976, at approximately 7:45 p. m., Trinity White, aged 14 months, was treated at Craig General Hospital by Dr. O. W. Dehart. The infant was semi-comatose with multiple abrasions, burns, and bruises, which according to the State's physicians appeared to have occurred at different times. The child had difficulty breathing and his body temperature of 92 degrees Fahrenheit was below normal. The child was transferred to St. Francis Hospital in Tulsa, where physicians detected a severe abdominal injury requiring immediate surgery.

According to the appellant, the child's injuries occurred during normal unattended out-of-doors play when a pile. of logs fell upon him. Then, in the process of reviving the child, the appellant placed him under running hot water. On the trip into town, the appellant explains, the baby was accidentally thrown to the floor when their pickup hit a ditch. In an attempt to revive the child, the appellant held him out the window.

The appellant first contends that it was an abuse of discretion for the court to deny his motion for a continuance. By statute, "the court may, upon sufficient cause shown by either party, . . . direct the trial to be postponed to another day in the same or next term." Title 22 O.S.1971, § 584. The denial of a motion for continuance will not be set aside on appeal without a showing either that the trial court abused its discretion or that the defendant was entitled to a continuance as a matter of law. *Taylor v. State*, 79 Okl.Cr. 115, 152 P.2d 123 (1944).

The appellant argues that he did not have sufficient time to read and review the transcript of a vital State witness and further that he had not been afforded compulsory process of witnesses. The copy of the doctor's testimony was available before trial, and it has not been shown that the judge abused his discretion nor that the appellant was prejudiced as a result of the testimony being made available just one day before the State's case. See *Wright v. State*, Okl. Cr., 559 P.2d 852 (1977). Insufficiency of preparation time falls within the parameters of sound judicial discretion. As stated in *Mott v. State*, 94 Okl.Cr. 145, 232 P.2d 166, 176 (1951), "[A]n application for continuance on the ground of want of time to prepare for trial is addressed to the sound discretion of the trial court, . . . ." As to the service of the subpoenas, there is no showing that the appellant was prejudiced. Further, it was the judge's opinion that the witnesses would be served in time. Whether, in fact, this was done has not been made a part of the record.

Next, the appellant alleges that the trial court erred in refusing to allow him to withdraw his plea of not guilty for the purpose of presenting a motion to quash and a demurrer to the information. When a defendant enters a plea of not guilty, that plea waives all defects except subject matter jurisdiction, or a failure of the indictment to state a public offense. *Jackson v. State*, 71 Okl.Cr. 258, 110 P.2d 929, 930 (1941). Once a plea of not guilty has been

entered, the court is granted the discretion to allow the plea to be withdrawn, but it need not do so. *Jenkins v. State*, 11 Okl.Cr. 168, 145 P. 500 (1914). This argument is without merit.

In his third assignment of error, the appellant alleges that it was error for the trial court to admit certain evidence, specifically photographic slides and certain rebuttal testimony. According to the appellant, the slides of the body of the injured child were improper for two reasons: An improper foundation and their lack of relevance. In establishing a proper predicate for the admission of these photos, State's witness Dr. Dehart stated that he had photographed the series of slides. He then explained the significance of each picture. As this Court stated in *Glenn v. State*, Okl.Cr., 444 P.2d 839 (1968), "Testimony that a photograph is a correct representation of the object sought to be shown is a sufficient foundation for its admission." Moreover, the probative value of these photographs is obvious in relation to the testimony of Dr. Dehart that the child suffered specific injuries which, in his opinion, were the result of child abuse. They also served to rebut the defense's claim that the injuries resulted from accidents.

The photographs in question were illustrative of the nature and the extent of the victim's injuries. Any prejudice to the appellant was clearly outweighed by their probative effect. See *Mott v. State*, supra.

An additional part of this assignment is that the trial court erred in admitting improper rebuttal testimony. Rebuttal testimony is permitted when it is "offered to explain, repel, counteract, disprove, or destroy facts given in evidence by an adverse party, as well as to clarify a disputed point, notwithstanding that the same testimony might have been introduced in chief, . . . ." *Schneider v. State*, Okl.Cr., 538 P.2d 1088, 1095 (1975).

Upon rebuttal, the State called Mariellen McLean to testify. The appellant's former wife testified that she had divorced the appellant upon the basis of fear and incompatibility; she admitted that a portion of her present testimony would vary from her previous testimony, given at the time of her marriage. These comments were proper insofar as they related to her competency as a witness. However, her statement about the appellant's temper, in light of the fact that the appellant did not take the stand, was improper rebuttal. Although we do not sanction such evidence, in this particular case it is harmless because the evidence of guilt is overwhelming.

Testimony regarding previous injuries was also offered on rebuttal. While the general rule is to exclude evidence of other crimes, one of the exceptions to that rule applies here, where the evidence of prior injuries indicated an absence of mistake or accident. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977). Whether the injuries were the result of abuse or whether they occurred accidentally, as the appellant claimed, was the central issue in dispute.

In his final contention, the appellant argues that the circumstantial evidence instruction given the jury did not accurately reflect the law in Oklahoma. This claim is unfounded. The rule on circumstantial evidence has been stated two ways in past cases. We have said that circumstantial evidence must exclude every reasonable hypothesis except that of guilt, *Gray v. State*, Okl.Cr., 561 P.2d 83 (1977), and this language is cited by the appellant. We have also said that circumstantial evidence need not exclude *every* hypothesis other than guilt, *Collins v. State*, Okl.Cr., 561 P.2d 1373 (1977). This language was used in the challenged instruction and is cited by the State on appeal. These two expressions are not inconsistent. Evidence may exclude every *reasonable* hypothesis except guilt without excluding absolutely *every* hypothesis except guilt. The trial court emphasized in the circumstantial evidence instruction that the jury must still be satisfied beyond a reasonable doubt that the appellant was the guilty party before it could return a verdict of guilty. From the evidence presented, the jury was justified in finding beyond a reasonable doubt that the appellant was

guilty; that is, that every *reasonable* hypothesis except guilt had been eliminated.

The judgment and sentence appealed from is *AFFIRMED.*

CORNISH, P. J., concurs in results.

BUSSEY, J., concurs.