Robert P. Kennedy, J.
Appellant was convicted in the City Court of Canandaigua, New York, on March 6, 1970 on his plea of guilty to possession of a weapon in violation of subdivision 3 of1 section 265.05 of the Penal Law, a Class A misdemeanor. He was not treated as a youthful offender but was sentenced as a young adult to a reformatory term of imprisonment. A *983 notice of appeal was filed by his assigned attorney but the appeal was never perfected.
Appellant by papers dated March 22, 1972 moved in the City Court to set aside the sentence pursuant to CPL 440.20 on the grounds that the sentence of a reformatory term of imprisonment was invalid as a matter of law in violation of the Equal Protection Clause. The motion was denied. Appellant then applied for and received a certificate granting permission to appeal under subdivision 2 of CPL 450.15 and CPL 460.15. Although the City Judge did not comply with subdivision 7 of CPL 440.30, since the only grounds alleged in the city court application dealt solely with a matter of law, this court can proceed without such findings and conclusions.
Appellant’s main contention is that the statute, section 75.00 of the Penal Law, is unconstitutional insofar as it authorizes a reformatory term, which could have a maximum duration of four years, for persons between the ages of 16 and 19 years of age who are convicted of misdemeanors and not treated as youthful offenders. Appellant’s position is that a person adjudged a youthful offender for committing acts which would constitute a misdemeanor cannot be sentenced to a reformatory term of imprisonment. This court just does not read CPL 720.25 as prohibiting a reformatory sentence for a youthful offender. The only sentences expressly prohibited are indeterminate^ sentences and a jail sentence in excess of six months where youthful offender treatment is mandated. A reformatory sentence is not an indeterminate sentence but is an indefinité sentence so it is not one of the sentences specifically proscribed.
Other than the foregoing, the statute in general terms merely states that the youthful offender be sentenced in the manner authorized for the criminal act underlying the youthful offender finding. A reformatory term, of course, is authorized ‘ ‘ for a crime ”, I am mindful that the practice commentary following CPL 720.25 states in one paragraph that “indefinite reformatory sentences ” are still available for the “ felon group ”, but the following paragraph seems to dilute this when it states that the other “notable difference” is that the section precludes imposition of a reformatory term for those dealt with under subdivision (b) of CPL 720.25. From these two .comments it is clear that a youthful offender ‘ ‘ felon ’ ’ can be sentenced to a reformatory term and that a youthful offender under paragraph (b) of subdivision 1 of CPL 720.20 cannot receive such a sentence. Neither, of course, applies here.
*984 Pitler’s “ New York Criminal Practice Under the CPU ” (p. 383 et seq.), seems to be in accord with this view. He states (p. 384), for example, “ To impose a reformatory sentence, a superior court or a local criminal court [emphasis supplied], when authorized ”. Since a local criminal court cannot deal with felonies, the quoted section must have reference to misdemeanors. Again, he states (pp. 385-386), “ The sentence ordinarily authorized for conviction of the criminal act is to be used only if the defendant is ‘ mentally or physically incapable of being substantially benefitted by the correction and reformatory purposes of the institution of which he is committed ’, despite the fact that a youth convicted of a Class A misdemeanor might prefer a year in a county jail (the maximum sentence for adults convicted of such a charge) to three or four years in a reformatory.”
"While it is true that superior courts do on occasion handle misdemeanors, the bulk of such eases is dealt with in the local criminal courts. Since appellant’s entire claim of a Fourteenth Amendment violation is based on his view that a youthful offender, adjudicated as such for a misdemeanor conviction, cannot receive a reformatory sentence and that, therefore, to sentence a person in the same age group convicted of the same crime who is not treated as a youthful offender to reformatory term denies the latter equal protection of the laws; and since this court holds that such is not the law appellant’s argument, on this point, fails.
As stated, appellant was convicted on March 6,1970. Although not raised on this application, does the fact that youthful offender treatment would be mandatory under paragraph (b) of subdivision 1 of CPU 720.20, thereby precluding the imposition of a reformatory sentence, if appellant was convicted of the same crime under the same circumstances today, change the outcome? In other words, are appellant’s Fourteenth Amendment rights being violated because he is still incarcerated under a sentence he could not receive today? The answer is no.
The due process guarantees of the Federal and State Constitutions do not prevent a change in the law; there is no constitutional right to have all general propositions of law once adopted remain unchanged (9 N. Y. Jur., Constitutional Law, § 360). “As said by the United States Supreme Court, ‘ The Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time ’ [citations omitted]. That there is no objection on constitutional ground to such *985 exceptions has many times been decided [citations omitted]. There is nothing discriminatory in the said provision. All persons in the same class, i.e., those licensed and registered in this state on a given date, are treated alike.” (People v. Griswold, 213 N. Y. 92, 97-98). “It is clear that a regulation is not necessarily rendered invalid because, incidental to its prospective operation, it is written to apply only to persons or property coming within a particular category or class for the first time on or after the effective date.” (Matter of New York State Comm. Against Discrimination v. Pelham Nall Apts., 10 Misc 2d 334, 344.)
If the court were to hold exactly contrary to what, it has thus far held, it would still find that appellant’s Fourteenth Amendment rights have not been violated and that if there was a difference in sentences authorized for young adults as contrasted to youthful offenders, it would still hold that appellant has not thereby been denied equal protection of the laws. As so ably pointed out in appellant’s brief, the equal protection clause requires that a classification must be based on differences which bear a reasonable and just relationship toward a valid governmental objective, and that the law apply equally to the members of the class established. There can be no argument that this law does so apply'to all in the legislated age bracket who are not treated as youthful offenders. The governmental objection behind the reformatory sentence is also well set forth in appellant’s brief and that is, of course, to rehabilitate rather than to punish. In the,case before the court, appellant overlooks the fact that the very reasons why the City Judge decided not to treat appellant as a youthful offender demonstrate the reasonable and just relationship of the governmental objective and the reasons for the imposition of the reformatory sentence. On sentence, the City Judge said, “ I find a pattern of lack of supervision and aimless conduct. He doesn’t go to school; he isn’t employed regularly. I am truly concerned over his associations, the circumstances of his being in Canandaigua, the place where he was living, and his apparently knocking around without supervision for some period of time. There is an aggressiveness in his history in the past which is a very serious matter. I am very much impressed by the fact that he has been under the Probation Department for a period of time in Monroe County and without success. He has been truant. In view of all of this, I am inclined to feel that he needs help, supervision and institutional care. ’ ’
*986 Surely it cannot be said that a classification which authorizes a reformatory sentence for such a person is arbitrary and capricious. Surely it cannot be said that a law which authorizes a sentence for a young adult which is different from that authorized for a youthful offender (if such a difference existed) constituted a denial of any constitutional right.
If the court were to accept appellant’s position, it would mean that no court could on a misdemeanor conviction sentence either a young adult between 16 and 19 years of age or a youthful offender to a reformatory term, but would be limited to sentencing either category to a year in the county jail. Such a view just does not seem logical in light of the stated (and hoped for) purpose of a reformatory sentence.
For all of the foregoing reasons the order appealed from is in all respects affirmed.