Julian R. Hanley, J.
On January 10,1972 the petitioner was convicted in Erie County of the Class A misdemeanor of sexual abuse. The maximum sentence for this is one year. However, because he was a youth between the ages of 16 and 21, he was given a reformatory sentence, having a maximum of four years.
In the past, the courts have held that this longer sentence for youthful misdemeanants was constitutional, the reasoning being that a youth is more amenable to rehabilitation, that a reformatory offered a different program than an ordinary prison and so this was a reasonable distinction, allowing youths to receive a potentially longer sentence than would adults for the same offense.
Of course, the young person who received a four-year sentence instead of one year, simply because he was a youth, might well feel that this was peculiar reverse reasoning, but that was the law. (People v. De Perez, 70 Misc 2d 982, affd. 32 N Y 2d 880; Carter v. United States, 306 F. 2d 283.)
The basis for these decisions was the idea that the reformatory youth was receiving different. treatment from ordinary prisoners. As was noted in Carter v. United States (supra, p. 285): Commitment under the Youth Correction Act may be longer than one year in cases of misdemeanors, essentially because such confinement cannot be equated with incarceration in an Ordinary prison.”
*729 What was true in this regard in New York State in 1973 is no longer the ease in 1974. 'Chapter 652 of the Laws of 1974, effective May 30 of this year, abolished reformatory sentences. The statute tried to preserve the legality of previous reformatory sentences (see L. 1974, ch. 653, § 7), but what is the effect of all this on petitioner’s particular sentence?
The Department of Correctional Services itself not only has admitted that separate treatment for reformatory people can no longer be given, but says that the reformatory sentence is now unfair and harsh towards young adults. The department’s memorandum which supported the repeal of article 75 of the Penal Law stated: ‘ ‘ This bill is a logical culmination of the restructuring of the state correctional system which was commenced by the legislature in 1970 when it created the Department of Correctional Services and abolished the distinction between reformatories and State prisons * * * Correctional facilities are classified by functions such as residential treatment, facilities, general confinement facilities and work release facilities. Individuals, regardless of the type of1 sentence they are serving, are confined in institutions best suited to their needs. For purposes of confinement, treatment, education and vocational training, persons serving reformatory or indeterminate sentences are treated in accordance with rehabilitative goals rather than the type of sentence they are serving. Since reformatories as well as the special purposes they historically serve no longer exist, there is no longer a need for reformatory sentences. Moreover, the sentence is unfair in that it treats young adults (persons 16 to 21) more harshly than adults.”
So, since May 30 of this year, the State treats reformatory prisoners the same as all others, by its own admission. Therefore, the constitutional reasoning supporting longer sentences for youthful misdemeanants has evaporated in the winds of legislative repeal.
On top of1 this, Stewart, the youthful misdemeanant, has already been taken from the reformatory and put in the general population in Attica Correctional Facility, a maximum security prison having not even.the faintest resemblance to a reformatory. There is no reformatory we can order him sent to now and there is no evidence before the court that there is any similar rehabilitative treatment ready for him as was ordered in People ex rel. Meltsner v. Follette (32 A D 2d 389).
Petitioner is not a felon and is a misdemeanant who has already served more than the year he could have received as an adult. He long since has ceased to receive the separate *730 treatment he should have had as a reformatory prisoner and is being treated identically with all his older fellow inmates.
Under these circumstances, any further imprisonment of petitioner under article 75 of the Penal Law is unconstitutional as not affording him equal treatment under the law. (People ex rel. Sero v. Preiser, U. S. List. Ct., S. D. N. Y., June 26, 1974.)
Accordingly it is ordered, that petitioner be released from custody forthwith.