Alan James McDONALD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–725.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1984.

Rehearing Denied Jan. 30, 1984.

**52**

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Presiding Judge:

The appellant, Alan James McDonald, was charged conjointly with his wife, Shari McDonald, with First Degree Murder and Assault and Battery with Intent to Kill, in Tulsa County District Court, Case No. CRF–81–3898, wherein the death penalty was sought; he was convicted of both crimes, was sentenced to life imprisonment and twenty (20) years' imprisonment, respectively, and he appeals.

At approximately 9:30 A.M., on November 2, 1981, employees Tammy Howell and Mahid Eidinejad unlocked the door to a Church's Fried Chicken restaurant in Tulsa, to prepare for the day's business. The two women entered along with the defendant and his wife, Shari, who had arrived at about the same time as the two employees. Defendant, a former employee, had been in the restaurant earlier that morning at approximately 1:00 A.M., talking with the manager whom he knew and who was counting the previous day's receipts.

Tammy Howell testified that she was stocking the restaurant and when she turned around, the defendant's wife, Shari, pointed a gun at her and Mahid and forced them into the stockroom. She stated that Mahid gave the defendant the safe's combination, but he could not open it and threatened to kill them if Mahid did not give him the correct combination. Defendant's wife continued to brandish the gun at them. Howell testified that Mahid gave the defendant a second set of numbers but he returned with a long tool and hit both of them on the back of the head. A bloodied fourteen (14) inch long pipe wrench was found in the stockroom and admitted into evidence. Tammy stated that she awoke a few minutes later thinking the defendant and his wife had left and she yelled for help, but they had not left and one of them came back and beat her again.

Bread deliveryman, David St. Clair, testified that he heard cries for help when he knocked at the back door. He and a cus-

tomer, who had just pulled up to the restaurant, realized something was wrong when the defendant and his wife ran out of the restaurant and so they telephoned Tulsa police and wrote down the license tag number of the defendant's vehicle. St. Clair testified that the stockroom was a mass of blood; that the bodies looked like potato sacks piled over one another or like "tenderized steaks."

Medical testimony established that Mahid died from approximately eighteen (18) blows to the head from a blunt instrument, fracturing her skull in six (6) places. Tammy Howell was unconscious for a week with a fractured skull and she lost the hearing in an ear and the use of a finger.

Defendant testified that he had no idea that his wife was going to pull a gun; that they needed money badly; that he hit the deceased once and Tammy twice in the head, but only to knock them unconscious and not to kill them; and that he admitted he committed the robbery.

In his first assignment of error, the defendant alleges that the trial court erred in failing to direct a verdict for him since the evidence presented failed to prove each and every element of first degree murder under 21 O.S.1981, § 701.7(B).[1] Section B specifically lists six felonies which afford a basis for first degree murder under our felony-murder doctrine, but does not mention any "attempt" crimes. Defendant would have us believe that, since the State only proved him guilty of *attempted* robbery, he could only have been found guilty of Second Degree Murder, pursuant to 21 O.S.1981, § 701.8,[2] since only *robbery* and not attempted robbery is mentioned in Section 701.7(B).

We find our decision in *James v. State,* 637 P.2d 862 (Okl.Cr.1981), dispositive of this issue; therein we stated:

[T]he argument that, because the money was not taken the appellant did not commit Murder in the First Degree in the commission of Robbery with Firearms, is unpersuasive. The felony murder statute is intended to prevent certain felonies as well as homicide, and the Legislature, in its wisdom, determined that there are certain felonies in which homicide is most likely to occur. The likelihood of a homicide is not lessened by the fact that the perpetrator of the robbery ran without the money or goods or that the perpetrator committed the crime only to discover that the anticipated money or goods did not exist or was not in the possession of the victim. Therefore, this Court has determined that, in the commission of an armed robbery or an attempted armed robbery, murder in the first degree may be committed under 21 O.S.Supp.1980, § 701.7(B).

Accordingly, the question becomes whether the State presented a prima facie case of First Degree Murder under 701.7(B). We are of the opinion that it did. Clearly, evidence was presented to prove that the defendant killed the victim during the attempted robbery and that the survivor of the brutal ordeal and the deceased feared for their lives. Further, the defendant himself admitted that "I committed robbery." This assignment of error is without merit.

In his second assignment of error, the defendant alleges the court erred in failing to instruct the jury as to lesser-included offenses. However, the defense has

---

1. Title 21 O.S.1981, § 701.7(B) provides:
   B. A person also commits the crime of murder in the first degree when he takes the life of a human being, regardless of malice, in the commission of forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, first degree burglary or first degree arson.

2. Title 21 O.S.1981, § 701.8 states:
   Homicide is murder in the second degree in the following cases:

1. When perpetrated by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual; or

2. When perpetrated by a person engaged in the commission of any felony other than the unlawful acts set out in Section 1, subsection B of this act.

**54**

a duty of preparing and presenting its own instructions if it is unsatisfied with the court's proposed instructions. *Wells v. State,* 559 P.2d 445 (Okl.Cr.1977). Further, defense counsel should submit requested instructions in writing. *Ramsey v. State,* 558 P.2d 1179 (Okl.Cr.1977). In the instant case, defense counsel stated that he did not anticipate the trial would end as quickly as it did and did not have time to prepare written instructions; he only orally requested an instruction on lesser included offenses.

It is within the trial court's discretion and responsibility to consider the evidence and to determine whether evidence exists to warrant instructions of a lesser degree of homicide. *Sanders v. State,* 556 P.2d 611 (Okl.Cr.1976). After a thorough review of the record, we are of the opinion that the evidence did not warrant an instruction on lesser included offenses.

A First Degree Manslaughter instruction was not warranted because the defendant was not engaged in the commission of a misdemeanor, nor was it a homicide perpetrated in the heat of passion, or while resisting an attempt by the person killed to commit a crime. See generally, 21 O.S.1981, § 711.

A Second Degree Murder instruction was not warranted because no evidence was presented to bring it within the perview of the statute.[3]

Moreover, the defendant failed to properly preserve this issue for review by including the alleged error in his motion for new trial. *Nutter v. State,* 658 P.2d 492 (Okl.Cr.1983). For all the above reasons, this assignment of error is without merit.

Defendant's final assignment of error is that the accumulation of error at trial requires reversal or modification of his sentence. Inasmuch as we have found no error justifying modification or reversal, this argument cannot stand. *Hancock v. State,* 664 P.2d 1039 (Okl.Cr.1983); *Brinlee v. State,* 543 P.2d 744 (Okl.Cr.1975).

3. See Footnote 2.

For the reasons stated, this case is hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.