**Shari Lee McDONALD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–65.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1984.

Rehearing Denied Feb. 13, 1984.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Lidell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant Shari Lee McDonald, was convicted in a non-jury trial conducted before the Honorable Joe Jennings, in Tulsa County District Court, Case No. CRF–81–3898, for the offenses of Murder in the First Degree and Assault and Battery with Intent to Kill, and was sentenced to life and twenty (20) year's imprisonment, respectively, and she appeals.

We deem it unnecessary to set forth the facts of this case in detail since they are delineated in our opinion styled *McDonald v. State*, 674 P.2d 51 (Okl.Cr.1984), affirming the judgments and sentences of her husband, Alan James McDonald. Suffice it to state that the evidence at trial disclosed that on November 2, 1981, two female employees of a Church's Fried Chicken restaurant in Tulsa, were brutally bludgeoned with a blunt instrument. The sole survivor of the savage attack, Tammy Howell, who was then 18-years-old, positively identified the appellant as the woman who held a gun on her and co-worker, Mahin Eidenejad, while her husband bashed them with a pipewrench.

The appellant testified in her own behalf and admitted that she held the gun on the women while her husband beat them; however, she claimed that she was forced to commit the crimes because she feared that Alan would physically harm her.

### I.

In her first assignment of error, the appellant argues that the trial court erred in finding her guilty of Murder in the First Degree, since the evidence clearly discloses that she did not do the actual beating of the victim who died; rather, she contends that she suffered from the "battered wife syndrome" and was acting under duress and thus could not be convicted as a principal. In support of this contention she urges that the trial court erred in disregarding the testimony of defense witness, Guy Ann Phillips, the manager of "Domestic Violence Intervention Service," which concerns itself with domestic violence and wife battering, who stated that, in her opinion, the appellant was in the "third phase" of battering, and would feel that she lacked control and in order to survive would do, without hesitation, what her husband told her to do. The argument is wholly without merit.

A judge may try a case upon a valid waiver by a defendant of the right to a jury trial. *Colbert v. State*, 654 P.2d 624 (Okl.Cr.1982), and cases acted therein. We have stated on numerous occasions that: "The credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of facts and the trier of facts may believe the evidence of a single witness on a question and disbelieve several others testifying to the contrary." *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979), quoting from *Caudill v. State*, 532 P.2d 63 (Okl.Cr.1975). There is ample evidence to support a finding that the appellant actively participated in the attempted robbery, as the surviving victim testified that the appellant jumped over the restaurant's counter, pointed a gun at the two employees, said "This is no joke, it's a stick-up" and ordered the pair into a rear storeroom, while her husband attempted to

open the safe. Although there is no evidence that she inflicted the fatal injuries, she aided and abetted in the commission of the armed robbers and, therefore, under the felony murder provisions of 21 O.S. 701.-7(B), she was properly found to be guilty of Murder in the First Degree.

## II.

The appellant's second assignment of error, that the trial court improperly found her guilty of Assault and Battery with Intent to Kill because the State failed to prove that she possessed the specific intent to kill Tammy Howell, is likewise without merit.

There were ample facts to establish that she conspired to rob the restaurant, as the appellant herself admitted that she knew she did something wrong, and she alone possessed a gun and could have prevented her co-defendant from administering the beating, but did not. Title 21 O.S.1981, § 172 states that, "All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." By aiding and abetting in the attempt to rob the restaurant the appellant was responsible for all of the results that followed, pursuant to 21 O.S.1981, § 172.

## III.

In her third assignment of error, the appellant alleges that the trial court erred in failing to direct a verdict for her since the State allegedly failed to prove each and every element of first degree murder under 21 O.S.1981, § 701.7(B). The gist of the appellant's argument is that since 21 O.S. 1981, § 701.7 lists robbery but not *attempted* robbery (emphasis added), she could not have been convicted of *first* degree felony murder.

We recently considered the identical argument in *McDonald,* supra, and for the reasons stated therein we find the appellant's third assignment of error to be without merit.

## IV.

In her final assignment of error, the appellant complains that her twenty year sentence is excessive for the crime of Assault and Battery with Intent to Kill. The question of excessiveness of punishment is determined by examining the particular facts and circumstances of each case and this Court is powerless to modify a sentence unless it can conscientiously say that under the facts the sentence received is so excessive as to shock the conscience of the Court. *Baldwin v. State,* 596 P.2d 1269 (Okl.Cr.1979), and cases therein. Since the sentence imposed was well within the range provided by statute and due to the brutal nature of the crimes, we decline to the modify appellant's sentence. This assignment of error is without merit.

Accordingly, the judgments and sentences are AFFIRMED.

CORNISH and BRETT, JJ., concur.