**Robert TREVINO and Daniel Vizcaino, Appellants,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-690.**

Court of Criminal Appeals of Oklahoma.

July 20, 1987.

Rehearing Denied Aug. 11, 1987.

Thomas G. Smith, Sp. Counsel, Appellate Public Defender, Norman, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Robert Trevino and Daniel Vizcaino, were convicted in the District Court of Texas County, Case No. CRF–83–193, of First Degree Rape, and each sentenced to twenty years' imprisonment. They were acquitted of the charge of kidnapping. They appeal their convictions raising seven assignments of error.

The facts of this case are set forth in *Bunce v. State*, 738 P.2d 159 (Okl.Cr.1987).

■ The appellants complain in their first assignment of error that the trial court refused to sever their trial from that of their codefendant, Fred Bunce. Granting or denying a motion for severance is discretionary with the trial court and its ruling will not be disturbed on appeal unless there is a clear showing of abuse of discretion resulting in prejudice. *Master v. State*, 702 P.2d 375 (Okl.Cr.1985). The appellants claim they were prejudiced by the testimony of Captain Joe Ferguson who stated that when he asked Bunce after Bunce had been brought to the police station about the rape of J.M. Bunce replied

that he was not involved in it. When asked how she had come into their company Bunce replied that she was Dan's girl and they picked her up at her residence. The appellants had previously moved to sever the trial and had argued that Bunce had made an exculpatory statement which should not be admitted against them. The statement which Bunce had given after he was taken into custody was not entered into evidence. The appellants characterize the testimony as a "confession" of Bunce saying "they did it but I did not." Considering the context of Captain Ferguson's testimony, Bunce's statements would be better characterized not as a denial of any participation in a rape or any involvement with the victim, but an admission that they had picked her up at her residence, a fact which was not contested by the appellants. Having examined the transcript, we are unable to find any inconsistencies between the defense of the appellants and that of their codefendant. Accordingly, we find no abuse of discretion by the trial court.

■ As their next assignment of error the appellants urge that the trial court abused its discretion in refusing to grant a new preliminary hearing or a continuance based on the fact that trial counsel for the appellants was appointed one month before the trial. The appellants claim that their trial counsel was not given the opportunity to interview the State's witnesses nor was he given adequate preparation time. As we held in *White v. State*, 607 P.2d 713, 714 (Okl.Cr.1980), "Insufficiency of preparation time falls within the parameters of sound judicial discretion." Essentially, the contention of the appellants is that trial counsel could have prepared a better defense if he had been allowed to conduct the preliminary hearing rather than the attorney who represented the appellants at that time, and that therefore trial counsel lost his right to discovery. Appellants do not claim that trial counsel was deprived an opportunity to examine the transcript of the preliminary hearing. Moreover, trial counsel presented a defense effective enough that the appellants were acquitted of a kidnapping charge. Therefore, we

find that the trial court did not abuse its discretion in denying both a new preliminary hearing and a continuance. This assignment of error is without merit.

In their third assignment of error the appellants argue that Vizcaino's right to remain silent was violated by comments of the prosecutor and by a police officer's testimony during trial. We addressed these same comments in *Bunce*, and for the reasons stated therein, this assignment of error is without merit.

■ As a fourth assignment of error the appellants allege prosecutorial misconduct. However, none of the comments of which the appellants complain were properly preserved by an objection. As a result, the errors, if any, are deemed waived. *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982). Our review of the comments cited by the appellants reveals no error warranting either reversal or modification of the sentence. We find no merit in this assignment of error.

■ The appellants' fifth assignment of error contends that the trial court committed reversible error by refusing to instruct on second degree rape. An examination of the record reveals that the appellants did not submit the request to instruct in writing, even though they did present other written requested instructions.

We have repeatedly held that if a defendant feels that additional instructions should be given, it is his duty to reduce instructions to writing and submit them to the trial judge and request that they be given. In absence of such request, a conviction will not be reversed unless this court is of the opinion that failure to give an instruction has deprived defendant of a substantial right.

*Ramsey v. State*, 558 P.2d 1179, 1182 (Okl. Cr.1977). Appellants' trial counsel made an oral request for such an instruction. Trial counsel for their codefendant argued that the State must either meet their burden of proof for first degree rape or the jury must find the defendants innocent.

The appellants argued consent as their defense. The injuries to the victim, along with the forensic evidence strongly supports the State's contention that force was used to overcome the resistance of the victim. The trial court stated after considering the evidence that the State's case either showed the appellants guilty of rape in the first degree, or not guilty. We agree. This assignment of error is meritless.

■ The appellants assert as their sixth assignment of error that the evidence was insufficient to support the verdict. The appellants argue that J.M.'s testimony had "several glaring inconsistencies and contradictions," and that the facts and circumstances were not corroborative of her story. The test for sufficiency of evidence is stated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It requires a reviewing court to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Contrary to the assertions of the appellant, the evidence in this case is overwhelming. The appellants concede that they had sexual intercourse with J.M. As we stated in *Bunce*, the only controverted issue was the consent of the victim. The testimony of the State's witnesses concerning her injuries, and the photographs entered into evidence overwhelmingly support a lack of consent.

■ As their seventh assignment of error, the appellants urge that their sentences were excessive. This Court consistently holds that excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and that we do not have the power to modify a sentence under all the facts and circumstances unless the sentence is so excessive as to shock the conscience of the Court. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). Under 21 O.S.1981, § 1114, first degree rape is punishable by "death[1] or imprisonment in

1. The Supreme Court of the United States in a plurality opinion has expressed the view that the

death sentence is a disproportionate punish-

the penitentiary, not less than five (5) years, in the discretion of the jury...." As twenty years is well within the limits prescribed by law, we find this assignment of error to be without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

I write separately to point out that it is clearly improper for a prosecutor to comment on an accused's right to remain silent at any stage of a jury trial. *See Robison v. State,* 677 P.2d 1080, 1084 (Okl.Cr.1984). In the instant case, however, the error was not properly preserved for appellate review by a timely specific objection and so the record was reviewed for fundamental error only. *See McLeod v. State,* 725 P.2d 877, 881 (Okl.Cr.1986). Having found no fundamental error, I concur in the affirmance of the judgment and sentence.

ment for rape. *Coker v. Georgia,* 433 U.S. 584,