George Elmer DUMIRE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–262.

Court of Criminal Appeals of Oklahoma.

July 15, 1988.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, George Elmer Dumire, was tried and convicted by a jury in the District Court of Seminole County of Manslaughter in the First Degree, Case No. CRF–85–180. He was sentenced to seven (7) years imprisonment, and he appeals.

The victim, Tarzan Tiger, maintained an off and on common-law marital relationship with Jo Ann Burgess. A few days prior to the slaying of Tiger, Jo Ann's sons, Claude and George, witnessed Tiger verbally abusing their mother.

On August 4, 1985, Jo Ann, Claude, George, and the appellant were drinking heavily. George, Jo Ann, and the appellant returned to her home that evening. Subsequently, Claude arrived with Tiger, and shortly thereafter, George, Claude, and the appellant began beating Tiger. Appellant testified that Claude Burgess then retreated to the south side of the house and returned with a short chain and began striking the victim. Jo Ann, awakened by her five-year old grandson, ran outside and observed her two sons and appellant beating and kicking Tiger. George then tried to run over Tiger in Tiger's pickup until Ms. Burgess stopped him. The group then fled the scene in Tiger's pickup while Ms. Burgess called the police.

Tarzan Tiger was transported to the Seminole Hospital, and later, was transported to Oklahoma City by helicopter. On August 9, 1985, Tarzan Tiger died.

In his first assignment of error, the appellant contends that the trial court abused its discretion in admitting a photograph depicting the murder victim. According to the Oklahoma Evidence Code, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of that action more probable or less probable than it would without the evidence." 12 O.S.1981, § 2401. This Court has noted that where evidence is both probative and prejudicial "the former must yield the greater value." *Ritchie v. State*, 632 P.2d 1244, 1245 (Okl.Cr.1981).

State's Exhibit D was one color photograph depicting the victim after receiving emergency treatment but before being flown to Oklahoma City. It is not a gruesome photograph, but a faithful reproduction concerning the extensive wounds suffered by the victim. It is well established that the admissibility of photographic evidence is a matter within the sound discretion of the trial court and is reversible only if a clear abuse of such discretion is shown. *Dutton v. State*, 674 P.2d 1134 (Okl.Cr. 1984). This Court has also ruled that photographs of a murder victim always assist in establishing the corpus delicti of the crime. *Newbury v. State*, 695 P.2d 531 (Okl.Cr.1985). Therefore, this assignment of error is without merit.

In his second assignment of error, the appellant claims insufficient evidence to support the verdict for Manslaughter in the First Degree. When the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

It is irrelevant that the defendant may not have actually struck the fatal blow. His voluntary participation and cooperation

in the attack established appellant's guilt as an equally culpable principal. *Sanders v. State*, 556 P.2d 611 (Okl.Cr.1976); *McDonald v. State*, 674 P.2d 1154 (Okl.Cr. 1984). Consequently, appellant's second assignment of error is groundless.

 In his third assignment of error, the appellant contends that the trial court erred by failing to instruct the jury on Misdemeanor–Manslaughter. Misdemeanor–Manslaughter is defined at 21 O.S.1981, § 711 as being a homicide "when perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor." It should be noted that appellant did not request such an instruction nor did he raise an objection to the lack of the instruction at trial. This Court has held that an appellant must object to instructions and must submit written requested instructions to the court, or any error is waived in that regard. *Stewart v. State*, 723 P.2d 992, 994 (Okl.Cr.1986).

Additionally, if the totality of the instructions fairly and accurately state the applicable law, they are sufficient. *Sims v. State*, 731 P.2d 1368 (Okl.Cr.1987).

 The appellant requested no instruction on Misdemeanor–Manslaughter, and there was no evidence to support such an instruction. Therefore, appellant's third assignment of error is without merit.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.